UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| John Freels, | ) |
| Plaintiff, | ) 2:14-cv-00271 JWS |
| vs. | ) ORDER AND OPINION |
| Arizona City Sanitary District, | ) [Re: Motion at Docket 3] |
| Defendant. | ) |

## I.  MOTION PRESENTED

At docket 3, defendant Arizona City Sanitary District ("the District") filed a motion to dismiss plaintiff John Freels' ("Freels'") state law claims. At docket 4, Freels filed his response. The District filed a reply at docket 5. The District has requested oral argument, but it would not assist the court so the District's request is denied.[1]

## II.  BACKGROUND

Based on the allegations in the complaint, Freels purchased property in Arizona City intending to promptly resell it. Freels then secured a buyer who was ready and able to purchase the property. Before purchasing the property, Freels had investigated whether there were any liens against the property and found none.

---

[1] LRCiv 7.2(f).

In September 2012 the District notified Freels that the property's former owner owed outstanding sewer fees and penalties, that the District had disconnected the property's sewer service because of that debt, and that the District would not restore sewer service to the property until the debt was paid.  As a result, Freels' buyer backed out.  For nearly a year, Freels attempted to find another buyer without success. Eventually, in September 2013, Freels paid the debt and sold the property.

On November 1, 2013, Freels filed a notice of claim with the District pursuant to A.R.S. § 12-821.01.[2]  Freels filed his complaint in Pinal County Superior Court on January 21, 2014.  The complaint sets forth two causes of action: First, a claim that the District lacked authority under Arizona law to assess the prior owner's debt against him; Second, a claim that the District's actions violated Freels' right to due process and equal protection under both the Arizona and U.S. Constitutions. The District removed the case to federal court on February 12, 2014.

### III.  STANDARD OF REVIEW

The District's motion seeks dismissal of Freels' state law claims for two reasons. First, the District argues that Freels' claims for damages[3] are barred by A.R.S. § 12-821.01(A) because Freels failed to file a notice of claim within 180 days of their accrual. Second, the District argues that all of Freels' state law claims are barred by A.R.S. § 12-821's one-year statute of limitation. As discussed below the second argument is dispositive, so the court need not address the notice of claim argument.

The District's statute of limitation argument may be raised in a motion to dismiss.[4] This court concludes that such a motion is properly brought under

---

[2]Doc. 3-1 at 2.

[3]Although the District's initial motion to dismiss does not differentiate between Freels' state claims, the District concedes in reply that A.R.S. § 12-821.01 does not apply to Freels' claims for injunctive and declaratory relief. Doc. 5 at 4.

[4]*Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987).

Rule 12(b)(6).[5] Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[6] To be assumed true, the allegations, "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[7] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[8] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[9]

The District's argument hinges on the question of when Freels' causes of action accrued. Ordinarily, this is a question of fact reserved for the fact finder.[10] If resolution of this question "hinges solely on a question of law rather than resolution of disputed facts," however, it may be resolved as a matter of law.[11]

---

[5]*See Pritchard v. State*, 788 P.2d 1178, 1183 (Ariz. 1990) ("Statutes of limitations generally create affirmative defenses. The proper method for raising a defense of limitation is a motion to dismiss under Rule 12(b)(6), for failure to state a claim, not a motion under Rule 12(b)(1), for lack of subject matter jurisdiction."). Arizona Rule 12(b)(6) is equivalent to Fed. R. Civ. P. 12(b)(6).

[6]*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[7]*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

[8]*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[9]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[10]*See Walk v. Ring*, 44 P.3d 990, 996 (Ariz. 2002).

[11]*See Thompson v. Pima Cnty.*, 243 P.3d 1024, 1028-29 (Ariz. Ct. App. 2010)*; Montano v. Browning*, 48 P.3d 494, 496 (Ariz. Ct. App. 2002).

## IV. DISCUSSION

In Arizona, any action against a public entity must be brought within one year after the cause of action accrues.[12]  A cause of action accrues "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage."[13]

"A plaintiff need not know all the facts underlying a cause of action to trigger accrual.  But the plaintiff must at least possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury."[14]  The relevant inquiry is at what point did the plaintiff's "knowledge, understanding, and acceptance in the aggregate" provide "sufficient facts to constitute a cause of action."[15]  Thus, in order to determine when a cause of action accrues, "[a]n analysis of the elements of the underlying claim is necessary."[16]

**A. Accrual of Freels' "Lack of Authority" Claim**

Count one of Freels' complaint alleges that the District lacked authority to "hold a new, unrelated property owner liable for the charges incurred by a prior owner, user, or applicant" and "to refuse service to a new owner because of a prior one's debt."[17] Freels does not dispute that each of these alleged wrongs took place in September 2012. Instead, he argues that he suffered "financial injury" in September 2013 when he

---

[12] A.R.S. § 12–821.

[13] A.R.S. § 12–821.01(B). *See also Dube v. Likins,* 167 P.3d 93, 108 (Ariz. Ct. App. 2007) (supplemental opinion).

[14] *Doe v. Roe*, 955 P.2d 951, 961 (Ariz. 1998) (citations omitted).

[15] *Walk*, 44 P.3d at 996.

[16] *Rogers v. Bd. of Regents of the Univ. of Ariz.*, 311 P.3d 1075, 1078 (Ariz. Ct. App. 2013).

[17] Doc 1-1 at 3.

"paid the District the unlawful charges."[18] Payment of the debt may be relevant to precisely calculating Freels' damages,[19] but he knew in September 2012 that the District would require him to pay the fees and penalties. Further, Freels does not contend that the payment is an element of his cause of action. Because each of the events that constituted Freels' cause of action for "lack of authority" occurred in September 2012, this claim is time-barred as a matter of law.

**B. Accrual of Freels' State Constitutional Claims**

Count two of Freels' complaint alleges that the District violated his rights under both Article 2, Section 4 and Article 2, Section 13 of the Arizona Constitution when it (1) assessed the prior owner's charges against him; (2) denied him sewer service because of the prior owner's debt; and (3) failed to provide him with adequate notice that it would do so.[20] Each of these alleged events occurred in September 2012. And again, Freels does not contend that payment of the debt is an element of either of these claims. These claims are therefore time-barred.

**C. Freels' Remaining Arguments Lack Merit**

Freels cites *Canyon del Rio Invs., L.L.C. v. City of Flagstaff*[21] and argues that his claims for declaratory and injunctive relief cannot be time-barred if they were brought within the statute of limitations period for his claim for damages. *Canyon del Rio* involved a developer who received an unfavorable zoning decision from the City of

---

[18] Doc. 4 at 3.

[19] Freels relies on *Fulton v. Woodford*, 498 P.2d 564, 571 (Ariz. 1972), and *Thompson v. Pima Cty.*, 243 P.3d 1024, 1028 (Ariz. Ct. App. 2010), to support his argument that his claim did not accrue until he suffered a financial injury. This reliance is misplaced. *Fulton* merely stands for the proposition that a plaintiff's claim is not yet ripe if it is contingent on uncertain future events. *Fulton*, 498 P.2d at 571 ("A claim must be ripe at the time suit is commenced, and if not, the suit is fatally defective as premature."). And, although the *Thompson* court held that a claim does not accrue until the plaintiff realizes "that a wrong occurred and caused injury," it did not hold that the injury must be financial. *Thompson*, 243 P.3d at 1028.

[20] Doc 1-1 at 4.

[21] 258 P.3d 154, 159 (Ariz. Ct. App. 2011).

Flagstaff. Between 2002 and 2008 the developer pursued administrative remedies but never received a final decision. In 2008 the developer sued the city for, among other things, declaratory relief. The Superior Court dismissed the declaratory relief claim as time-barred under A.R.S. § 12–821. The Court of Appeals reversed. The court initially noted that the "'question of whether and when statutes of limitations are applicable to declaratory relief actions is a less than clear area of the law'" and that the existence of a justiciable controversy for declaratory relief purposes does not necessarily trigger the accrual of an action for statute of limitations purposes.[22] The court held that although "declaratory judgment claims may be brought before related damage claims become ripe, no statute of limitations begins to run against such claims until administrative remedies have been exhausted."[23]

*Canyon del Rio* is inapposite. Here, Freels does not contend that the District's September 2012 decision was not final or that he refrained from filing suit earlier because he was pursuing administrative remedies. Therefore, Freels' claims for declaratory relief and damages accrued when the decision was issued.

Finally, Freels argues that the District is estopped from arguing that his state claims accrued in 2012 because the District asserted in various pretrial court filings in a previous action that Freels had not alleged (in that action) that he had been damaged. This argument is waived because Freels does not reference the elements of estoppel or apply those elements to the facts of this case.[24] Even if Freels did not waive his estoppel argument, estoppel does not apply here. "The three elements of estoppel are: '(1) the party to be estopped commits acts inconsistent with a position it later adopts;

---

[22]*Id*. at 159 (quoting *W. Cas. & Sur. Co. v. Evans*, 636 P.2d 111, 113 (Ariz. Ct. App. 1981)).

[23]*Id*. at 156.

[24]*See Geronimo Hotel & Lodge v. Putzi*, 728 P.2d 1227, 1228 (Ariz. 1986) (arguments not adequately developed are waived); *City of Tucson v. Clear Channel Outdoor, Inc.*, 181 P.3d 219, 242 (Ariz. Ct. App. 2008) (same).

(2) reliance by the other party; and (3) injury to the latter resulting from the former's repudiation of its prior conduct.'"[25] Elements two and three are fatal to Freels' argument because he does not assert that he relied on the District's statements in the previous action in any way, or that any such reliance was detrimental.

## V. CONCLUSION

For the reasons set forth above, the motion at docket 3 is **GRANTED**. Plaintiff's state law claims, specifically Count One and the portion of Count Two that relies on the Arizona Constitution, are **DISMISSED.**

DATED this 12th day of May 2014.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[25] *Gorman v. Pima Cnty.*, 287 P.3d 800, 804-05 (Ariz. Ct. App. 2012) (quoting *Valencia Energy Co. v. Ariz. Dep't of Revenue*, 959 P.2d 1256, 1267-68 (Ariz. 1998)).